# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0265, <u>Peter Saunders & a. v. Wells Fargo Bank, N.A.</u>, the court on February 12, 2015, issued the following order:**

Having considered the briefs, including the supplement to the petitioners' brief, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). We affirm.

The petitioners, Peter Saunders and Janet Saunders, appeal an order of the Superior Court (Wageling, J.) granting summary judgment to the respondent, Wells Fargo Bank, N.A., on their action for promissory estoppel. The trial court reasoned that their promissory estoppel claim was barred by the economic loss doctrine, that their reliance upon the statements they claim the respondent's agent made was unreasonable, and that, even if they were damaged by the respondent's agent's statements, any such damage was outweighed by their "resid[ing] at the property free of charge for years."

We construe the petitioners' arguments to be that: (1) the respondent did not have the right to foreclose upon their mortgage and, although they state that this "is an issue that has not been raised," we should address it because standing can be raised at any time, the discovery rule allows them to raise it now, and it is "plain error"; (2) the "assignment of mortgage . . . from MERS to [the respondent's predecessor] is a falsified and forged document (and hence voidable)"; (3) their constitutional rights have been violated by fraud "right from the beginning of the contract"; and (4) "[e]xtrinsic [f]raud voids the judgment."

We further construe the petitioners' arguments to be that the trial court erred by: (1) violating their right to due process by denying their motion to compel discovery after the trial court concluded that the discovery sought was not relevant to their one remaining claim and that they had failed to comply with Superior Court Rule 29; (2) granting the respondent's motion to consider its late-filed motion for summary judgment, which was filed approximately one month after the deadline for dispositive motions and three months prior to the trial date; (3) addressing the doctrine of economic loss when the respondent had not explicitly argued it; (4) finding that their promissory estoppel claim was barred because their relationship with the respondent was contractual; (5) granting summary judgment when "almost 'every' fact [the trial court cited] is in dispute"; (6) failing to grant their motion to reconsider and to consider the "significant documentation relative to the many material facts in dispute" attached to it; (7) making "before unheard of presumptions about [their] ability to pay which had

never been addressed" when the trial court noted that they had "failed to prove, let alone allege, that they are capable of paying their mortgage pursuant to its original terms"; and (8) violating their procedural due process rights by "[f]ailing to allow a trial to be had and heard on the merits" and by granting summary judgment on the basis of "information never before presented" to the court.

As the appealing parties, the petitioners have the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. ___, ___, 101 A.3d 1183, 1186 (2014). Based upon our review of the trial court's order, the petitioners' challenges to it, the relevant law, and the record submitted on appeal, we conclude that the petitioners have not demonstrated reversible error. See id.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

2